HOBBS *v.* CITY OF SOUTH BEND ET AL.

[No. 24,045.   Filed March 11, 1924.]

MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Water Connections.*—*Authority of Board of Works.*—*Statutes.*—An assessment against abutting property for the expense of making connections with a water-main and bringing them inside the curb preparatory to paving the street is not void because of the invalidity of an ordinance whereby the common council attempted to confer on the board of works authority to regulate the making of private connections with water, sewer and gas mains and to require the owners of abutting property to bring such connections inside the curb of the street before the permanent improvement thereof, instead of exercising its own discretion in such matters, as such ordinance only invoked the exercise of powers which the board already possessed under §8710 Burns' Supp. 1918, Acts 1917 p. 417, (since amended by Acts 1921 p. 324, §8711 Burns' Supp. 1921; Acts 1919 p. 631; §8714 Burns 1914, Acts 1909 p. 412, §109).

From St. Joseph Superior Court; *Chester R. Montgomery,* Judge.

Action by William R. Hobbs against the City of South Bend and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Eli F. Seebirt* and *Daniel D. Schurtz,* for appellant. *Thomas W. Slick,* for appellees.

EWBANK, C. J.—Appellant sued the appellee city, alleging that an assessment against his real estate for the cost of making certain connections with a water-main and bringing them inside the curb in preparation for paving the street was void, and asking that it be canceled. Appellee Luther intervened by leave of court, and filed a cross-complaint seeking to foreclose an alleged lien for the amount of such assessment. Each appellee answered the complaint by a general denial, and appellant filed two paragraphs of affirmative answer to the cross-complaint to which appellee Luther replied by a denial. The court found against appellant on his complaint, and in favor of appellee Luther on his cross-complaint, and entered a judgment awarding the city of South Bend its costs, and foreclosing Luther's alleged lien for the amount of the assessment.

Overruling the motion for a new trial, for the alleged reasons that the decision is not sustained by sufficient evidence and is contrary to law, is the only error assigned. And the only question presented for decision is whether or not the assessment was void because of the alleged invalidity of a duly enacted ordinance reading (in part) as follows: "That whenever the Board of Public Works shall desire to improve any street, alley or other public place by paving the same, and shall have adopted a resolution to that effect, said board is hereby authorized to require the owners of the abutting property to make private connections with the sewer,

gas and water mains in such street, alley or public place by bringing such connections inside the curbs * * * and said board shall adopt a resolution to that effect showing the number and location of such service pipes or private connections which they may deem necessary to accommodate the abutting property; also, such resolution shall designate the material to be used and the manner of laying the same from the mains to the points inside of the curb line. Upon the adoption of such resolution, the board shall give notice by publication in a daily newspaper of the city for two successive days to the owners of such abutting properties to make such connections within twenty days from the last publication of such notice. On default of any of such owners to make any such connections, the said Board of Public Works is hereby authorized to cause such connections to be made * * * the cost of making such connections shall be a lien on the real estate of any such owners, and said board shall cause such cost to be assessed against said real estate", after notice and a hearing, etc.

The common council of the city had statutory authority to enact ordinances for the following purposes:

"To regulate the making of private connections with sewer, gas, water and other like pipes and public conveniences, and to compel owners of property to bring such connections inside the curbs of streets before the permanent improvement thereof; and, on default of the owner in failing to make such connections, to authorize the proper city officials to do so at the owner's expense, and to make such expense a lien on the property, collectible in the same manner as expenses for street and sewer improvements." §8655, cl. 31, Burns 1914, Acts 1905 p. 219, §53, cl. 31.

"To pass all ordinances necessary to more effectually carry into execution the powers in this act granted them

in relation to the * * * improvement of any street, alley, water-course or public grounds, or any other public improvement of such city or town, and which are not inconsistent with the laws of the state. * * *" §8960 Burns 1914, Acts 1905 p. 219, §266.

The board of public works is given by statute general supervision over the streets, alleys, sewers, public grounds and other property of the city and is charged with the duty to keep them in repair and in good condition. §8697 Burns 1914, Acts 1905 p. 219, §94. Except so far as controlled by the action of the Public Service Commission, whenever a city does anything in the matter of granting a franchise to lay water mains and pipes in the streets, the board of public works is authorized by statute to agree thereto, and to prepare an ordinance approving and confirming the agreement, and all the common council has to do in the matter is to adopt or reject such contract by passing or defeating the ordinance of approval. §8939 Burns 1914, Acts 1905 p. 219, §254; §10052g4 Burns 1914, Acts 1913 p. 167, §110.

Express power is conferred on the board of public works by statute "to authorize * * * water * * * companies to use any street, alley or public place in such city and erect necessary structures therein, to prescribe the terms and conditions of such use", etc. §8696, cl. 11, Burns 1914, Acts 1913 p. 219, §93; §10052g4 Burns 1914, Acts 1913 p. 167, §110.

The board of public works is also given power by statute to determine when a street, alley or other public place in the city shall be improved, and whether by paving or in some other manner, and to make plans and specifications for such proposed work, and to initiate proceedings for making such an improvement at the expense of the abutting owners, subject to a hearing before such board on the question of benefits, and subject to certain limitations, such as keeping the cost be-

low a designated proportion of the value of abutting property, and submitting to control by the majority of the property owners as to the kind of pavement to be laid. §8710 Burns' Supp. 1918, Acts 1917 p. 417.

And the power of accepting or rejecting an improvement as completed and of assessing benefits and thereby creating liens against abutting property is expressly conferred on the board of public works by statute. Acts 1919 p. 631, amending §8711 Burns 1914, Acts 1909 p. 419, §2; §8714 Burns 1914, Acts 1909 p. 412, §109.

But appellant insists that the common council, by enacting the ordinance above set out, has exceeded its statutory powers; that it has attempted to delegate to the board of public works a legislative discretion in the matter of regulating the making of private connections with water, sewer and gas mains, and requiring the owners of abutting property to bring such connections inside the curbs of streets before the permanent improvement thereof (he says), instead of exercising its own discretion in determining what connections shall be so made, and its own powers in ordering that they be made. Appellant complains of this as an attempt to confer powers on the board of public works by ordinance without statutory power to do so.

And authorities are cited to the effect that unless power to enact such an ordinance is expressly conferred by statute, an ordinance providing that public improvements shall be made at the expense of abutting owners in case certain ministerial officers shall determine that the public good demands it, or providing that a public improvement shall be made in the manner that such a ministerial officer shall deem most expedient, is void, as being an unauthorized attempt to confer on others a discretion vested by law in the common council alone.

The authorities referred to have no application to the

facts of the case at bar under the statutes recited above. Those statutes having conferred on the board of public works full power and authority over the question when a street improvement shall be undertaken, its character and the details of its construction, and the creation of liens for its cost by making assessments against the abutting property, with control over the location and laying of water pipes in the streets, and having given said board the power and charged it with the duty of repairing the streets and keeping them in good condition the ordinance in question did no more than to invoke an exercise of powers which the board already possessed, as expressly given to it by those statutes.

And the statutes giving the common council power to enact ordinances to regulate the making of private water connections, and to compel them to be brought inside the curbs before the permanent improvement of the streets, and to authorize "the proper city officials" to make such connections and to charge the expense to the property as an improvement lien, and to pass all ordinances necessary to carry such powers into effect, afforded ample authority for calling on such board of public works to exercise its statutory powers in the manner specified in the ordinance in question.

The ordinance was not open to the objections urged by appellant.

The judgment is affirmed.